LISCOMB STATE SAVINGS BANK, Appellant, v. HENRY LEISE, Appellee.

GUARANTY: Right of Guarantor—Payment of Obligation. One who, in the sale of commercial paper, guarantees its payment to the extent of a named percentage of its face value becomes the owner of such paper to the extent that he subsequently discharges his guaranty.

Headnote 1:  28 C. J. p. 1037 (Anno.)

*Appeal from Marshall District Court.*—B. F. CUMMINGS, Judge.

FEBRUARY 16, 1926.

ACTION to require defendant to account for a percentage on certain promissory notes which it is claimed he collected. The district court dismissed the plaintiff's petition, and plaintiff appeals.—*Affirmed.*

*E. N. Farber,* for appellant.

*C. H. Van Law,* for appellee.

ALBERT, J.—The question here involved arises out of the same transaction that is involved in the case of *Tucker v. Leise,* 201 Iowa 48. The facts need not be detailed further than is necessary for determination of the questions involved.

L. B. and N. E. Tucker bought from Henry Leise 93 shares of stock in what was then the State Savings Bank of Liscomb, Iowa (which has since become the Liscomb State Savings Bank), and Leise guaranteed the payment of all outstanding paper to the extent of 93 per cent of each piece of commercial paper owed to said bank at the time. Leise was called upon to make good on this guaranty, from time to time, and when so called upon, paid 93 per cent of the amount due on the paper, with interest, and took possession of the notes on which he made these payments. The claim of appellant is that some of the said notes had security, and that Leise collected different sums on others of said notes.

This action is in equity, for an accounting to appellant for 7 per cent of the notes which were thus collected by Leise, or on which he realized on the security. The district court refused the appellant the relief for which it prayed.

The matter involved herein is not difficult of solution. It is apparent that, as to any given note, when Leise paid 93 per cent thereof, he was interested in that note to that amount, but the bank was still the owner and holder of 7 per cent thereof.

Turning to the record, we find, on five of these notes in controversy, that the appellee, Leise, has collected the sum of $601.65, and has in his hands Liberty bonds to the amount of $300, which, being worth par, make the total receipt by him on these notes $901.65. It is our holding that the bank is entitled to 7 per cent of the amount thus collected by him, or the sum of $63.12. The record, however, shows that out of the same trans-

action the bank has collected on the Arney note the sum of $231.02. Out of this amount the bank is entitled to retain only 7 per cent, leaving in its hands the sum of $214.85 due the appellee, Leise. The Arney note is one of those which appellant lists as having been turned over to appellee, and on which it asks to recover the 7-per cent. Appellant concedes, and we have heretofore held, that on each of these notes the bank had a 7 per cent interest, and the appellee 93 per cent; and, this being a matter of accounting between these parties, it is therefore apparent that appellee does not owe the appellant anything, but the appellant in fact owes Leise the difference between $214.85 and $63.12. Appellee, however, has not asked for a judgment therefor; but, under this showing, the appellant is not entitled to a judgment against the appellee, as prayed, and the action of the district court in dismissing its petition was right.—*Affirmed.*

De Graff, C. J., and Evans and Morling, JJ., concur.